IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

BRIA C. BURR,

    Plaintiff,

v.                                                                   Civil Action No. 3:21cv403

ALAINA H. CAMPBELL,
    in her individual and official capacity,

and

DANIELLE HAIRSTON,
    in her official capacity,

    Defendants.

**MEMORANDUM OPINION**

This matter comes before the Court on Defendants Alaina H. Campbell ("Campbell") and Danielle Hairston's ("Hairston") (collectively, "Defendants") Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6).[1] (ECF No. 4.) Plaintiff Bria C. Burr ("Burr") has not responded, and the time to do so has expired.[2]

Accordingly, this matter is ripe for disposition. The Court dispenses with oral argument because the materials before it adequately present the facts and legal contentions, and argument would not aid the decisional process. The Court exercises jurisdiction pursuant to 28 U.S.C.

---

[1] Rule 12(b)(6) allows dismissal for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6).

[2] Defendants included in the Motion to Dismiss a notice consistent with the requirements set forth in *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), and Local Civil Rule 7(K). (*See* Mot. Dismiss 4, ECF No. 4.) The *Roseboro* Notice informed Burr that she had twenty-one (21) days to respond to the Motion to Dismiss, and that failure to respond could result in dismissal of her claim. Burr has not responded.

§ 1331.[3] For the reasons that follow, the Court will grant the Motion to Dismiss and dismiss the Complaint without prejudice.

### I. Factual and Procedural Background

This employment action arises out of Defendants' termination of Burr's employment with Virginia Commonwealth University ("VCU"). Burr claims that Defendants unlawfully terminated her employment because of her sex. (Compl. 7, ECF No. 1.) Burr alleges that Defendants' decision to fire her constituted sex discrimination under Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000(e),[4] and that Defendants violated the Equal Pay Act ("EPA"), 29 U.S.C. § 206 (d)(1). (*Id.*) She sues Campbell in her official and individual capacities and sues Hairston only in her official capacity. (*Id.*)

#### A. Factual Background[5]

Prior to her termination, Burr worked as an employee of Virginia Commonwealth University ("VCU"). (*See id.*) On June 21, 2019, Defendant Campbell emailed Burr and asked Burr to meet her and Defendant Hairston in a conference room located within the VCU Blanton House. (*Id.*) Campbell told Burr that being an academic advisor was "not a good fit" for Burr

---

[3] "The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331(a). Burr brings her claim pursuant to Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000(e), and the Equal Pay Act, ("EPA") 29 U.S.C. § 206 (d)(1).

[4] Title VII states that employers may not "discriminate against any individual with respect to [his or her] compensation, terms, conditions, or privileges of employment because of such individual's" race or sex. 42 U.S.C. § 2000e-2(a)(1).

[5] For a Motion to Dismiss, the Court accepts the factual allegations in Burr's Complaint as true and draws all reasonable inferences in favor of Burr. *Kensington Volunteer Fire Dep't, Inc. v. Montgomery Cty., Md.*, 684 F.3d 462, 467 (4th Cir. 2012) ("[A] court 'must accept as true all of the factual allegations contained in the complaint' and 'draw all reasonable inferences in favor of the plaintiff.'") (quoting *E.I. du Pont de Nemours & Co. v. Kolon Indus., Inc.*, 637 F.3d 435, 440 (4th Cir. 2011)).

2

and that Burr's "position was being terminated." (*Id.*) Both Defendants were present in the room when Campbell presented Burr with a termination letter. (*Id.*) Campbell also recommended that Burr apply for unemployment. (*Id.*) After the meeting with Defendants, Burr returned to her office and finished meeting with students who had scheduled appointments for that day. (*Id.* 7–8.) She advised students with future appointments that they would need to reschedule with a different advisor in the biology department. (*Id.*) Burr also contacted the VCU ombudsman to inform them of the allegedly wrongful termination. (*Id.* 8.)

### B. **Procedural Background**

On June 22, 2021, Burr filed her *pro se* Complaint against Campbell and Hairston in this Court, alleging that: (1) Campbell and Hairston discriminated against her based on her sex (the "Title VII Claim"); and, (2) Campbell and Hairston violated the Equal Pay Act (the "EPA Claim"). (ECF No. 1.) On July 29, 2021, Defendants filed the instant Motion to Dismiss. (ECF No. 4.) Burr did not respond. For the reasons that follow, the Court will grant the Motion to Dismiss without prejudice.

## II. Standards of Review

### A. **Rule 12(b)(6)**

"A motion to dismiss under Rule 12(b)(6) tests the sufficiency of a complaint; importantly, it does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *Republican Party of N.C. v. Martin*, 980 F.2d 943, 952 (4th Cir. 1992) (citing 5A Charles A. Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1356 (1990)). To survive Rule 12(b)(6) scrutiny, a complaint must contain sufficient factual information to "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *see also* Fed. R. Civ. P. 8(a)(2) ("A pleading that states a claim for

3

relief must contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief.") Mere labels and conclusions declaring that the plaintiff is entitled to relief are not enough. *Twombly*, 550 U.S. at 555. Thus, "naked assertions of wrongdoing necessitate some factual enhancement within the complaint to cross the line between possibility and plausibility of entitlement to relief." *Francis v. Giacomelli*, 588 F.3d 186, 193 (4th Cir. 2009) (internal quotation marks omitted).

A complaint achieves facial plausibility when the facts contained therein support a reasonable inference that the defendant is liable for the misconduct alleged. *Twombly*, 550 U.S. at 556; *see also Ashcroft v. Iqbal*, 556 U.S. 662 (2009). This analysis is context-specific and requires "the reviewing court to draw on its judicial experience and common sense." *Francis*, 588 F.3d at 193 (citation omitted). The court must assume all well-pleaded factual allegations to be true and determine whether, viewed in the light most favorable to the plaintiff, they "plausibly give rise to an entitlement to relief." *Iqbal*, 556 U.S. at 679; *see also Kensington*, 684 F.3d at 467 (finding that the court in deciding a motion to dismiss pursuant to Rule 12(b)(6) "'must accept as true all of the factual allegations contained in the complaint' and 'draw all reasonable inferences in favor of the plaintiff'" (quoting *Kolon Indus.*, 637 F.3d at 440)).

### B. Obligation to Construe *Pro Se* Pleadings Liberally

Because Burr proceeds *pro se*, the Court will liberally construe her pleadings. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) ("A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers" (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976))) (internal quotation marks omitted). Nonetheless, the requirement of liberal construction does not authorize the Court to ignore a clear failure in Plaintiff's Complaint to

4

allege facts that set forth a claim cognizable in a federal district court. *See Ashcroft v. Iqbal*, 556 U.S. 662, 684 (2009) (outlining pleading requirements under Federal Rule of Civil Procedure 8 for "all civil actions"). A *pro se* plaintiff must allege facts sufficient to state a cause of action. *Bracey v. Buchanan*, 55 F. Supp. 2d 416, 421 (E.D. Va. 1999) (citation omitted). The Court cannot act as a *pro se* plaintiff's "advocate and develop, *sua sponte*, statutory and constitutional claims that the [plaintiff] failed to clearly raise on the face of [the] complaint." *Newkirk v. Cir. Ct. of Hampton*, No. 3:14cv372, 2014 WL 4072212, at *1 (E.D. Va. Aug. 14, 2014) (citing *Brock v. Carroll*, 107 F.3d 241 (4th Cir. 1997)) (internal quotation marks omitted).

### III. Analysis

The Court will grant the Motion to Dismiss. First, Title VII does not provide for individual liability. Consequently, the Court must dismiss Burr's Title VII Claim against Campbell in her individual capacity. Second, Burr failed to plead any facts indicating that she exhausted her administrative remedies. Accordingly, the Court will dismiss her Title VII Claim against Campbell in her official capacity and Hairston in her official capacity. Third, even if Burr had exhausted her administrative remedies, her Title VII Claim would still founder because she does not plead facts sufficient to support her claim. Fourth, because Bur does not plausibly allege any EPA violation, the Court will dismiss her EPA Claim against Campbell in her individual and official capacities and Hairston in her official capacity. Thus, the Court grants the Motion to Dismiss in its entirety.[6]

---

[6] Even read favorably, the Court does not see any other viable claims against Campbell in her individual capacity.

### A. There Is No Individual Liability Under Title VII, So the Claim Against Campbell in Her Individual Capacity Must Be Dismissed

"[S]upervisors are not liable in their individual capacities for Title VII violations." *Lissau v. S. Food Serv., Inc.*, 159 F.3d 177, 180 (4th Cir. 1998); *see also id.* at 181 (stating that individual liability under Title VII "would improperly expand the remedial scheme crafted by Congress"). Accordingly, the Court must dismiss the Title VII Claim against Campbell in her individual capacity.

### B. The Court Will Dismiss Burr's Title VII Claim Because Burr Has Failed to Exhaust Her Administrative Remedies and the Time to Do So Has Passed

Before filing a Title VII claim against a Virginia employer in court, a potential plaintiff must satisfy two prerequisites. First, he or she must file—within "300 days [of] the last date of alleged discrimination," *Edwards v. Murphy-Brown, L.L.C.*, 760 F. Supp. 2d 607, 619 (E.D. Va. 2011) (citing *Edelman v. Lynchburg Coll.*, 300 F.3d 400, 404 (4th Cir. 2002))—"a timely charge of discrimination with the Equal Opportunity Commission [('EEOC')] together with receipt of, and action on, a statutory notice of his [or her] right to sue," *Brailey v. Advance Am. Cash Advance Ctrs. of Va., Inc.*, No. 3:08cv365, 2009 WL 8747823, at *3 (E.D. Va. July 27, 2009) (quoting *United Black Firefighters of Norfolk v. Hirst*, 604 F.2d 844, 847 (4th Cir. 1979)). Second, his or her administrative remedies with the EEOC must be exhausted. *See Gonzalez v. Perdue*, No. 3:18cv459, 2020 WL 1281237, at *10 (E.D. Va. Mar. 17, 2020) (citations omitted).

Burr's Title VII Claim must be dismissed because she does not state any facts indicating that she has satisfied these prerequisites. To begin, she pleads no facts to support a finding that she filed a charge of discrimination with the EEOC.[7] Moreover, even if she had stated that she

---

[7] The Court notes that Burr's last day of employment with VCU was June 21, 2019. Therefore, to meet the filing deadline, Burr would have been required to file her charge with the EEOC on or before April 16, 2020.

6

filed such a charge, she also states no facts in her Complaint suggesting that she exhausted her administrative remedies with the EEOC before filing the instant case in federal court. Thus, the Court will dismiss Burr's Title VII Claim against Campbell and Hairston in their official capacities.

### C. Even if Burr Had Timely Filed a Charge of Discrimination with the EEOC and Had Exhausted Her Administrative Remedies, the Court Would Dismiss Her Title VII Claim Because She Fails to Plead Facts Sufficient to Support a Claim for Sex Discrimination Under Title VII

Even if Burr had properly sued these Defendants, Burr's Title VII Claim would have failed because she states no facts indicating that she filed a charge of discrimination with the EEOC and exhausted the administrative remedies offered by the EEOC. However, even if Burr had satisfied these prerequisites, her Title VII Claim would falter because she fails to plead facts sufficient to support a claim for sex discrimination under Title VII.

#### 1. Legal Standard: Title VII Discrimination

Title VII states that employers cannot "discharge any individual, or otherwise . . . discriminate against any individual with respect to his [or her] compensation, terms, conditions, or privileges of employment because of such individual's . . . sex." 42 U.S.C. § 2000e-2(a)(1). To survive a motion to dismiss, "a Title VII plaintiff [must] 'allege facts to satisfy the elements of a cause of action created by that statute.'" *Bing v. Brivo Sys., LLC*, 959 F.3d 605, 616 (4th Cir. 2020) (quoting *McCleary-Evans v. Md. Dep't of Transp., State Highway Admin.*, 780 F.3d 582, 585 (4th Cir. 2015)). "[T]he elements of a . . . Title VII [discrimination claim] are: (1) membership in a protected class; (2) satisfactory job performance; (3) adverse employment action; and[,] (4) different treatment from similarly situated employees outside the protected class." *Coleman v. Md. Ct. of Appeals*, 626 F.3d 187, 190 (4th Cir. 2010) (citing *White v. BFI Waste Servs., LLC*, 375 F.3d 288, 295 (4th Cir. 2004)).

7

### 2. Burr Does Not Allege Facts That Would Plausibly Satisfy the Elements of a Title VII Claim

Burr's Title VII Claim could not survive Defendants' Motion to Dismiss because her Complaint does not plead facts satisfying all four elements of a Title VII claim. *See Bing*, 959 F.3d at 616 (quoting *McCleary-Evans*, 780 F.3d at 585). Specifically, while Burr indicates that she is a member of a protected class[8] (the first element) and that she suffered an adverse employment action[9] (the third element), even reading her Complaint favorably, she does not state facts enabling this Court to infer that she had performed satisfactorily in her role (the second element), or that Campbell or Hairston treated her differently than they treated "similarly situated employees outside the protected class" (the fourth element). *Coleman*, 626 F.3d at 190 (citing *White*, 375 F.3d at 295).

Thus, even if Burr had timely filed a charge of discrimination with the EEOC and exhausted her administrative remedies, her Title VII Claim would not survive Defendants' Motion to Dismiss. *See Bracey v. Buchanan*, 55 F. Supp. 2d 416, 421 (E.D. Va. 1999)) (stating that a *pro se* plaintiff must allege facts sufficient to state a cause of action (quoting *Sado v. Leland Mem'l Hosp.*, 933 F. Supp. 490, 493 (D. Md. 1996)).

---

[8] Title VII prohibits employer discrimination based on an "individual's race, color, religion, sex, or national origin." 42 U.S.C. § 2000e-2(a)(1). These categories comprise Title VII's protected classes. As a woman, Burr is within one of the statute's protected classes.

[9] "An adverse employment action is a discriminatory act which adversely affects the terms, conditions, or benefits of the plaintiff's employment and focuses 'on whether there has been discrimination in such ultimate decisions as hiring, granting leave, discharging, promoting, and compensation.'" *Bullard v. Panasonic Corp. of N. Am.*, 418 F. Supp. 2d 802, 810 (E.D. Va. 2006) (quoting *Boone v. Goldin*, 178 F.3d 253, 255–56 (4th Cir. 1999), and citing *Burlington Indus., Inc. v. Ellerth*, 524 U.S. 742, 761 (1998)). Termination of Burr's employment plainly qualifies as an adverse employment action.

### D. Burr Fails to State Facts Sufficient to Support an EPA Claim, So Her EPA Claim Could Not Survive Defendants' Motion to Dismiss

Similar to her Title VII Claim, Burr's EPA Claim would not survive Defendants' Motion to Dismiss. Her Claim must fail because she pleads facts insufficient to support a finding that an EPA violation plausibly occurred.

#### 1. Legal Standard

"The Equal Pay Act prohibits an employer[10] from paying an employee less than employees of the opposite sex for equal work." *Kling v. Montgomery County*, 774 F. App'x 791, 793 (4th Cir. 2019) (citing 29 U.S.C. § 206(d)(1)). Unlike Title VII, the EPA has no administrative remedy exhaustion requirement. *See County of Washington v. Gunther*, 452 U.S. 161, 175 n.14 (1981). However, to seek relief pursuant to the EPA, plaintiffs must file their claims within two years of their last discriminatory paycheck. *See* 29 U.S.C. § 255(a) (stating an action under the Fair Labor Standards Act of 1938, which the EPA amended, "may be commenced within two years after the cause of action accrued").

Moreover, even if a plaintiff files his or her claim within two years of his or her last discriminatory paycheck, he or she must still plead facts establishing a plausible EPA violation. *See Spencer v. Va. State Univ.*, 224 F. Supp. 3d 449, 455–56 (E.D. Va. 2016). Specifically, the plaintiff must plead that "(1) the [employer] paid higher wages to an employee of the opposite sex who (2) performed equal work on jobs requiring equal skill, effort, and responsibility

---

[10] The Equal Pay Act of 1963 is codified at § 206(d) of Title 29, Chapter 8 of the United States Code. Section 203 of Title 29 lists the definitions of specific words used in Chapter 8. In particular, it defines "employer," in pertinent part, as "any person acting directly or indirectly in the interest of an employer in relation to an employee and includes a public agency." 29 U.S.C. § 203(d). Although Burr does not plead facts providing any detail regarding Campbell and Hairston's positions, because Burr is *pro se*, the Court will construe her Complaint liberally and assume that Defendants qualify as employers under the Equal Pay Act.

9

(3) under similar working conditions." *Spencer v. Va. State Univ.*, 919 F.3d 199, 203 (4th Cir. 2019) (citing *EEOC v. Md. Ins. Admin.*, 879 F.3d 114, 120 (4th Cir. 2018)).

In the Fourth Circuit, defendants may be sued in their individual and official capacities under the Equal Pay Act. *See Brewster v. Barnes*, 788 F.2d 985, 993 (4th Cir. 1986). While "[s]ome courts [have held] that individual supervisors are not liable for Equal Pay Act violations," that is not currently the law of this Circuit. *Thomas v. Gryck*, No. 2:20cv980, 2020 WL 4057647, at *4 n.1 (W.D. Pa. July 20, 2020) (citation omitted). Thus, the Court will decline to dismiss Burr's EPA Claim against Campbell in her individual capacity on that basis.

### 2. Burr Does Not Allege Facts That Plausibly State an EPA Violation, and Consequently, the Court Will Dismiss Her EPA Claim

Defendants terminated Burr's employment with VCU on June 21, 2019. Burr filed her claims with the Court on June 22, 2021. The Complaint does not state when Burr received her last paycheck. Even so, as with her Title VII Claim, Burr's EPA Claim would falter because she does not allege any facts sufficient to support her Claim.

Critically, Burr does not plead facts, even read favorably, establishing a plausible EPA violation. She has not stated facts which, read favorably, indicate that VCU paid higher wages to individuals of the opposite sex "who . . . performed equal work on jobs requiring equal skill, effort, and responsibility . . . under similar working conditions." *Spencer*, 919 F.3d at 203 (citation omitted). Consequently, Burr fails to state a claim for an EPA violation and the Court will dismiss her EPA Claim. *See Bracey*, 55 F. Supp. 2d at 421 (citation omitted) (stating that a *pro se* plaintiff must allege facts sufficient to state a cause of action).

## IV. Conclusion

For the foregoing reasons, the Court will grant the Defendants' Motion to Dismiss, (ECF No. 4), in its entirety, and it dismisses Burr's Complaint, (ECF No. 1), without prejudice.

An appropriate Order shall issue.

Date: **3/30/2022**
Richmond, Virginia

/s/
M. Hannah Lauck
United States District Judge